Marc J. Randazza, NV Bar No. 12265
Alex J. Shepard, NV Bar No. 13582
Trey A. Rothell, NV Bar No. 15993
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Creditor
Daphne Williams

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>CHARLES RANDALL LAZER,<br><br>Debtor. | Case No. 22-11549-mkn<br><br>Chapter 7 |
| DAPHNE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES RANDALL LAZER,<br><br>Defendant. | Adv. Case No. _____<br><br>**COMPLAINT** |

Plaintiff-Creditor Daphne Williams ("Plaintiff" or "Williams"), by and through her attorneys, Randazza Legal Group, PLLC, brings the following Complaint objecting to discharge of debt pursuant to 11 U.S.C. § 523(a)(6) against Defendant-Debtor Charles Randall Lazer ("Defendant" or "Lazer") and, in support of his Complaint, alleges and states as follows:

## THE PARTIES

1. Plaintiff-Creditor Daphne Williams is a resident of the State of Nevada.

2. Defendant-Debtor Charles Randall Lazer is a resident of the State of Nevada.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction of this matter under 28 U.S.C. § 157 and 11 U.S.C. § 523. The claims for relief alleged in this complaint rise under Title 11 of the United States Code and are related to a case pending in the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). The pending bankruptcy case to which the claims for relief alleged in this Complaint are related to *In re Charles Randall Lazer*, Bk Case No. 22-11549-mkn (the "Lazer Case").

4. The determination of dischargeability is a core proceeding under 28 U.S.C. § 157(b).

5. Pursuant to 28 U.S.C. § 1409, venue is proper in the District of Nevada, because the Lazer Case is pending in this district and division.

6. Defendant Charles Randall Lazer is a debtor in the Lazer Case.

**FACTS COMMON TO ALL CLAIMS**

7. On June 21, 2019, Lazer filed a complaint in the Eighth Judicial District Court for Clark County, Nevada against Williams, Case No. A-19-797156-C (the "Frivolous Lawsuit").

8. Lazer amended his complaint, with the operative Amended Complaint being filed on October 8, 2019. Lazer's Amended Complaint brought five claims against Williams relating to her alleged defamation of Lazer. (*See* Amended Complaint in Frivolous Lawsuit, attached as **Exhibit 1**.)

9. The allegations in the Frivolous Lawsuit were based on a complaint made by Williams to the Nevada Real Estate Division ("NRED") relating to unprofessional comments made by Lazer to Williams.

10. The complaint made by Williams was speech on a matter of public concern protected under the First Amendment of the U.S. Constitution.

11. On October 22, 2019, Williams filed her Anti-SLAPP Special Motion to Dismiss Under NRS 41.660 (the "Anti-SLAPP Motion") as to all of Debtor's claims. (*See* Anti-SLAPP Motion, attached as **Exhibit 2**.)

12. On December 9, 2021, Williams filed a Notice of Entry of Order giving notice that the district court granted Williams's Anti-SLAPP Motion, dismissing all of Lazer's claims against Williams with prejudice under NRS 41.660. (*See* Anti-SLAPP Order, attached as **Exhibit 3**.)

13. Thereafter, on December 29, 2021, Williams filed a Motion for Costs and Attorneys Fees in the Frivolous Lawsuit pursuant to NRS 41.670.

14. On February 18, 2022, Williams filed a Notice of Entry of Order giving notice that the district court granted Williams's Fee Motion, awarding Williams $781.30 in costs, $166,450.00 in attorneys' fees, $1,000.00 in damages, and post-judgment interest. (*See* Fee Order, attached as **Exhibit 4**.)

15. To-date, Lazer has not made any payments on the judgment to Williams.

16. In addition to attorneys' fees and costs, Williams suffered additional damages, including injury to reputation and emotional distress, on account of Lazer having filed the Frivolous Lawsuit.

17. Lazer filed a voluntary petition for relief under Chapter 7 on May 2, 2022.

## COUNT ONE

## FOR DETERMINATION OF

## NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(A)(6)

18. Each of the foregoing paragraphs are incorporated herein by reference.

19. Lazer filed the Frivolous Lawsuit against Williams despite having no justifiable basis for his claims.

20. Despite repeated warnings from Williams's counsel that his claims were baseless and that Lazer's conduct in filing in maintaining the Frivolous Lawsuit were in violation of Nevada's anti-SLAPP statute, Lazer continued to prosecute the case.

21. Williams filed an Anti-SLAPP Motion to Dismiss Lazer's Frivolous Lawsuit and the court granted Williams's Motion, dismissing Lazer's claims.

22. Williams filed a Motion for Costs and Attorneys' Fees in the Frivolous Lawsuit, which the court granted in a judgment. (*See* **Exhibit 4**.)

23. Lazer has not made any effort to pay any portion of the judgment.

24. Williams's judgment against Lazer remains due and payable in its entirety.

25. Williams's judgment against Lazer continues to accrue post-judgment interest.

26. Lazer's filing and maintenance of the Frivolous Lawsuit in violation of the Nevada anti-SLAPP statue was willful.

27. Lazer's filing and maintenance of the Frivolous Lawsuit in violation of the Nevada anti-SLAPP statue was malicious.

28. In view of the foregoing, Williams therefore seeks an order under 11 U.S.C. § 523(a)(6) determining that (1) Williams is entitled to payment of the judgment by Lazer and (2) that said liability is non-dischargeable.

## COUNT TWO

### FOR DETERMINATION OF NON-DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(A)(6) ARISING FROM NRS 41.670(1)(c)

29. Each of the foregoing paragraphs are incorporated herein by reference.

30. Williams filed a Special Motion to Dismiss under NRS 41.660 in the Frivolous Lawsuit. (*See* **Exhibit 2**.)

31. The district court in the Frivolous Lawsuit granted Williams's Special Motion to Dismiss and dismissed all of the claims against Williams in the frivolous lawsuit with prejudice. (*See* **Exhibit 3**.)

32. Williams suffered damages as a result of Lazer's filing and maintaining the Frivolous Lawsuit, including but not limited to, attorneys' fees and costs in defending herself from the Frivolous Lawsuit, as well as injury to reputation and emotional distress.

33. Additionally, due to Lazer's unwillingness to pay amounts awarded to Williams under the Anti-SLAPP statute, she had to incur additional costs and attorneys' fees.

34. Lazer is liable for these damages, as he was primarily responsible for the decision to file and maintain the Frivolous Lawsuit.

35. As set forth above, the Frivolous Lawsuit was filed by Lazer against Williams based on her exercise of free speech rights in connection of a matter of public concern without probable cause, constituting a SLAPP suit under NRS 41.660.

36. Having filed a SLAPP suit, Lazer is liable to Williams for damages pursuant to NRS 41.670(1)(c).

37. The elements of a claim under NRS 41.670(1)(c) are simple. They are: (1) did the plaintiff file a Special Motion to Dismiss under NRS 41.660 in a prior action?; and (2) did the court in that action grant the Special Motion to Dismiss? If the answer to both questions is "yes," then liability under NRS 41.670(1)(c) is conclusively established.

38. Williams satisfies both elements of a claim under NRS 41.670(1)(c) against Lazer on account of the Frivolous Lawsuit; she filed a Special Motion to Dismiss under NRS 41.660 in the Frivolous Lawsuit, which was granted by the court in that action.

39. Lazer's filing and maintenance of the Frivolous Lawsuit in violation of Nevada's anti-SLAPP statute was willful.

40. Lazer's filing and maintenance of the Frivolous Lawsuit in violation of Nevada's anti-SLAPP statute was malicious.

41. As a direct and proximate result of the foregoing, Williams suffered damages not presently ascertained, but believed to be at least $100,000.

42. In view of the foregoing, Williams therefore seeks an order under 11 U.S.C. § 523(a)(6) determining that (1) Williams is entitled to actual, presumed, punitive, and other damages in an amount to be specifically determined at trial; and (2) that said liability is non-dischargeable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For actual, presumed, and punitive damages in an amount to be specifically determined at trial; and

2.    For costs, disbursements, fees, and interest as authorized by state and Federal Law and Rules;

3.    For a decree that all debts determined to be owing by Defendant to Plaintiff which are the subject of this action are deemed and adjudicated to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6); and

4.    For such other and additional remedies as the Court may deem just and proper.

Dated: August 1, 2022.    Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza, NV Bar No. 12265
Alex J. Shepard, NV Bar No. 13582
Trey A. Rothell, NV Bar No. 15993
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, NV 89117

Attorneys for Plaintiff-Creditor
Daphne Williams